Freligh
v.
Platt.

Judgment for the plaintiff.

---

FRELIGH *against* PLATT.

ON demurrer to the rejoinder, the case was argued by

*J. L. Wendell,* in support of the demurrer, who cited 6
Taunt. 209 ; and

*S. A. Foot,* contra, who cited 11 John. 50.

The pleadings are sufficiently stated in the opinion of
the court ; which was delivered by

WOODWORTH, J.  The plaintiff declared on two promis-
sory notes, payable to certain persons or bearer, in two and
three years ; that the payees, on the day of the date, as-
signed over, and delivered the notes to the plaintiff.

The second plea alleges, that the notes were made to the
trustees of the first presbyterian congregation in Plattsburgh
in consideration of the sale of three pews in the meeting
house, to the defendant, his heirs and assigns, forever ; that
the trustees would not, and never had conveyed to the de-
fendant, whereby he hath any title ; but have wholly re-
fused ; and so the consideration of the notes has failed.
The plea also alleges, that the notes remained in the hands
of the payees, until after due.

The third plea alleges a sale of the pews, as the consid-
eration of the notes : that the trustees delivered a pretend-
ed conveyance, without having obtained from the chan-
cellor any order for the sale, pursuant to the 11th section
of the act to provide for the incorporation of religious soci-
eties, passed April 5th, 1813 ; and without having any
right to sell and convey them, whereby the conveyance
was void, and so the consideration has failed ; and that
the notes were negotiated after due.

*The marginal note reads:* A promissory note given in consideration of a sale of pews followed with possession in the vendee, cannot be avoided, on the ground that the vendor refuses to convey. The remedy is by compelling a performance. An order of the chancellor is not necessary, to warrant a sale, by a religious incorporation of pews in their church ; the case not being within the 11th section of the act relative to religious societies (2 R. L 216.) That respects absolute sales only. The interest in a church pew is limited and usufructuary merely.

The replication gives a history of the proceedings relative to the finishing of the meeting house, and sale of the pews; and contains much irrelevant matter. I do not think it necessary to analyze it for the purpose of deciding this cause, as my opinion is founded on the invalidity of the pleas.

The rejoinder reiterates the facts alleged in the pleas, with a traverse, which is not necessary to consider.

The plaintiff demurs specially to the rejoinder.

As to the second plea, it rests on the fact, that the trustees have refused to execute a conveyance. This cannot be considered a failure of the consideration; for the defendant has his remedy against them, to compel a performance. It is admitted by the pleadings that he has had the undisturbed occupation of the pews ever since the purchase.

In the case of *Moggridge* v. *Jones*, (14 East, 486,) the action was brought by the plaintiff as drawer, against the defendant as exceptor of a bill of exchange. The latter set up by way of defence, that there was no consideration; for that the money for which the bill was drawn, was agreed to be paid in consideration of the plaintiff's executing a lease of certain premises. The defendant was let into possession; after which the plaintiff refused to execute the lease. It was held that this was no defence to the action; the defendant's remedy being on his agreement. Lord Ellenborough, in 3 Campbell, 38, S. C., observed the consideration has not completely failed; as the defendant has continued in possession of the premises. The consideration was good; being the sale, and possession under it.

It may be further observed, that the plea is defective in not alleging that there was any agreement, or promise by the trustees to convey; and, admitting there had been, the defendant must proceed against them on their contract.

The third plea is, in my opinion, clearly bad. It admits a sale and conveyance; but alleges that no order of the chancellor was obtained. It is nowhere alleged that the trustees, by their contract, agreed to obtain such order. *Non constat*, but that the defendant agreed to take such con-

NEW YORK,
May, 1826.

Freligh
v.
Platt.

veyance as they offered, and actually delivered. By the plea, it appears that the contract was executed; for the notes were given in consideration of a sale and conveyance of the pews made at the time. We cannot say the defendant was unwilling to give his notes for such a sale and conveyance. No fraud, concealment, or misrepresentation are alleged. The allegation that the trustees sold without possessing any right to sell and convey, is an inference only from the fact that no order was obtained from the chancellor.

By the 11th section of the act respecting religious societies, (2 R. L. 216,) it is declared, that the chancellor may make an order for the sale of any real estate belonging to the corporation. This, evidently, relates to a case where the absolute right and title to lands belonging to them, are to be sold. Cases of this kind may and do occur. It is often necessary to sell a portion of the real estate, for the advancement of the residue. Sometimes it becomes necessary to sell the church and lot, when a new church is built and located at a different place. In all these cases, the purchasers require the absolute inheritance; and to such only, in my opinion, does the statute apply. A sale of real estate *ex vi termini*, means an absolute transfer of the property. But the sale of pews in a church is not a sale of real estate within the meaning of the act. By the grant of a pew, the grantee acquires a limited usufructuary right only. He may use it as a pew in a house of religious worship; but has not an unlimited absolute right. He cannot use it lawfully for purposes incompatible with its nature. The right, too, is limited as to time. If the house be burnt, or distroyed by time, the right is gone. An order of the chancellor was not necessary. As the pleas cannot, in my opinion, be supported, the plaintiff is entitled to judgment.

*Judgment for the plaintiff.*