Bowles
v.
Newby.

## Bowles v. Newby.

Assumpsit by the assignee of a promissory note, payable on the 30*th of October*, 1829, against the maker. Plea, that the payee and another, on the day the note was given, executed to the maker their obligation for the delivery of a certain quantity of bricks on the 1*st of May*, 1829; that the note was given in consideration of the delivery of the bricks; that the bricks had not been delivered, and the consideration of the note had therefore failed. *Held*, on demurrer, that the plea was a good bar to the action.

*Wednesday,*
*December 1.*

APPEAL from the *Orange* Circuit Court.

SCOTT, J.—*Edmund Newby*, assignee of *Joseph Potts*, brought an action of assumpsit in the *Orange* Circuit Court, against *William A. Bowles*, on a promissory note for 210 dollars, dated *October* the 30th, 1828, and payable twelve months after date. The defendant craved oyer, and pleaded that *Joseph Potts*, to whom the said note was made payable, and one *John Parvin*, on the said 30th of *October*, 1828, executed to him an obligation for the delivery of 70,000 bricks, at said *John Parvin's* brick kiln in *Paoli*, on or before the first of *May*, 1829; that in consideration of the delivery of the said bricks, he gave the said note, &c., and avers that the bricks were not delivered. By reason whereof, he says the consideration of the said promissory note has wholly and entirely failed. To this plea there was a demurrer, and judgment for the plaintiff; from which the defendant has appealed.

It is alleged, in support of the judgment of the Circuit Court, that the true consideration of the note for the money was not the actual delivery of the bricks, but the undertaking to deliver them. We are told that this is the true construction of the plea, and the Circuit Court so understood it; and from this construction of the plea, the conclusion is, that a failure to deliver the bricks was not a failure of the consideration of the note for the money. This construction of the plea being admitted, we think the conclusion does not follow. The bargain of every man ought to be performed as he understood it. Ld. Raym. 666.—2 Saund. 352, n. The time fixed for performance is a part of the contract. 1 Pet. Rep. 465. The time for the delivery of the bricks, in this case, being prior to the time for the payment of the money, shows clearly that it

was the understanding of both parties, that the delivery of the bricks should precede the payment of the purchase-money: and no person can compel another to perform his part of the contract, until he himself has performed what he stipulated to do, as the consideration of the other's promise. 2 Saund.' 352, n. This doctrine is establised by a long train of decisions, and cannot now be controverted. See 1 Salk. 112, 171.—Dougl. 684. —4 T. R. 761.—8 T. R. 366. Most of these decisions are on contracts, where the mutual promises are contained in the same instrument; but we think they go clearly to establish the principle, that where a promise is the consideration, a failure to perform that promise is a failure of consideration. This principle is fully considered and ably elucidated in the decision of the case of the *Bank of Columbia* v. *Hagner*, 1 Pet. Rep. 455, above referred to. In that case it is said, that if the seller is not ready and able to perform his part of the agreement, on the day fixed for its performance, the purchaser may elect to consider the contract at an end. Had the note, in the case before us, expressed on its face the consideration set out in the plea, the plaintiff must have averred in his declaration, and proved on the trial, a delivery of the bricks, or a readiness to deliver them, in order to show a right of action. But, as the consideration does not appear on the face of the note, it may be shown by special plea under the statute, which authorises the defendant to allege a want or failure of consideration. R. C. 1824, p. 295 (1). The note being in the hands of an assignee makes no difference: the statute making notes negotiable, gives the same defence against the assignee as against the original payee of the note.

We have been requested to revise the case of *Pence et al.* v. *Smock*, decided at our last *May* term (2). We have carefully examined that case, and also the case of *Leonard* v. *Bates*, 1 Blackf. Rep. 172, and are fully satisfied of their correctness. These, and the decisions above cited, all rest upon the principle that the failure of one party gives to the other an election to consider the contract rescinded. The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

   *Howk*, for the appellant.
   *Dewey*, for the appellee.

(1) Accord. R. C. 1831, p. 405. *Wynn* v. *Hiday*, ante, p. 123, and note.

(2) Ante, p. 315.