May Term,
1838.

Harris
v.
Smith.

**Harris** and Another *v.* **Smith**, for the use of Cox.

The general issue, or a plea of failure of consideration, to an action of debt on a sealed note by the payee, does not put in issue the plaintiff's property in the note.

The payee's possession of a note, notwithstanding an indorsement on it in full, is *prima facie* evidence that the note is his.

Friday,
June 8.

APPEAL from the *Hendricks* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced before a justice of the peace. The names of the parties on the justice's docket, are *Joshua Smith*, for the use of *J. W. Cox*, against *John Harris* and *Thornton F. Gorham*. A sealed note for the payment of money, executed by the defendants and payable to *Joshua Smith*, was filed as the cause of action. There was only one plea, and that was a failure of part of the consideration for which the note was given. The justice gave judgment for the plaintiff. The defendants appealed to the Circuit Court, and the plaintiff there also obtained a judgment.

On the trial in the Circuit Court, the plaintiff introduced the note in evidence, and then rested his cause. The defendants offered to read in evidence the following assignment indorsed on the note: "I assign the within to *J. W. Cox. Aug.* 4, 1835. *Joshua Smith.*" This assignment was objected to as evidence, because its execution was not proved; and the objection was sustained. The rejecting of this evidence is the only error assigned.

The plaintiff's property in the note was not put in issue by the plea; nor would it have been in issue, had *non est factum* been pleaded. To authorise the introduction of evidence *dehors* the note, in order to prove the plaintiff's want of property in it, a plea in denial of such property was necessary. *Gully* v. *Remy*, *July* term, 1820. But the defendants contend, that the plaintiff himself, by producing the note with the assignment on it, has shown that the note does not belong to him, and that the action on it in his name cannot be supported.

We are of opinion, however, that the assignment does not of itself show, under the circumstances of the case, that the property of the note was not in the plaintiff. He was the payee of the note, and his possession of it, notwithstanding the

indorsement, was *prima facie* evidence that the note was his. This is decided by the case of *Hanna* v. *Pegg* in this Court, *May* term, 1822, and by the case of *Dugan* v. *The United States*, 3 Wheat. Rep. 172 (1).

As the defendants, could not, under the pleadings, introduce any *extrinsic* evidence of the plaintiff's want of property in the note, and as the indorsement was not of itself, under the circumstances of the case, any evidence of such want of property, it follows that the assignment was properly rejected. The reading of it could have been of no possible benefit to the defendants.

The question whether the assignment, had it been material evidence for the defendants, could have been read by them without proof of its execution, does not belong to the case.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

C. C. *Nave*, for the appellants.

C. *Fletcher* and O. *Butler*, for the appellee.

(1) Assumpsit on bills of exchange which were specially indorsed. The indorsements continued uncancelled, and there were no re-indorsements, or other evidence of any subsequent assignment. *Held*, that possession of the bills by the original indorser was *prima facie* evidence that he was the owner of them. *Story*, J. "I am of opinion that the better authorities clearly establish the principle, that the possession of such bills, after such special indorsements, by the indorser, is *prima facie* evidence that he is the owner of them, and that they have been returned to him, and taken up in due course upon their dishonor, so that he is remitted to his original rights. It seems to me, that is the natural presumption from the facts; and that it would be difficult, upon any other supposition, to account for such possession by the indorser, which must deprive the special indorsee of the means of enforcing any adverse rights against him. I do not say that the presumption is conclusive; but I think it is *prima facie* sufficient to found a title in the indorser, until it is rebutted by some controlling circumstances. This doctrine is directly approved by the Supreme Court of the *United States* in *Dugan* v. *The United States*, 3 Wheat. 172." *Picquet* v. *Curtis*, 1 Sumn. 478. Accord: *Dodd* v. *Noble*, in this Court, *Nov.* term, 1838.