## Case No. 12,564.

SCUDDER v. ANDREWS et al.

[2 McLean, 464.] [1]

Circuit Court, D. Illinois. June Term, 1841.

NOTES — FAILURE OF CONSIDERATION — PARTIAL FAILURE—CONTRACTS AGAINST PUBLIC POLICY.

1. Where the action is on a promissory note, a failure of the consideration is a good defence. And it is immaterial whether the consideration was land, or other property.

2. A partial failure of consideration can not be set up as matter of defence.

3. On this point there is a confliction in the decided cases, but the weight of authority requires a total failure of the consideration.

4. Where the defendants gave their note for a tract of land, which belonged to the United States, and to which the plaintiff could have no title, the defendants may plead the fact, to an action on the note.

5. A contract in violation of law, or against public policy, can not be enforced.

[Cited in Elminger v. Drew, Case No. 4,416; Tufts v. Tufts, Id. 14,233.]

At law.

D'Wolf & Chickering, for plaintiff.
Mr. Logan, for defendants.

OPINION OF THE COURT. This action is brought for the consideration of a certain tract of land, sold by the plaintiff to the defendants, situated in Missouri. Defendants pleaded a failure of consideration, by a defect of title. And, also, that the land sold was a part of the public domain, and had never been sold, or offered for sale, by the United States, and that the contract was against the law, and the policy of the law.

To these pleas the plaintiff demurred. In support of the demurrer, it is contended that the remedy of the defendant, for any defect of title, is on his contract, or deed, if he re-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

ceived one, and not in this form; that, if there was a covenant of warranty, that constituted a consideration, no fraud being alledged. And, as it regards the other ground, that the purchase may be considered as a chancing bargain, to which the rule of caveat emptor applies, the case of Moggridge v. Jones, 14 East, 486, 3 Camp. 38. are cited. The action was brought by the drawer against the acceptor. The plaintiff agreed to let a house to the defendant for twenty one years; and, in consideration of £500, to be paid by three bills, to be drawn by the plaintiff, and accepted by the defendant, agreed to execute a lease for that term. The bill in question, and two others, were drawn and accepted, accordingly, and the defendant was immediately let into possession; but the plaintiff refused to execute the lease. It was urged, therefore, that the consideration had failed. But Lord Ellenborough, and, afterwards, the court, on a motion for a new trial, held that this was no defence to the action; that the defendant was bound to pay the bills, and might have his remedy on the agreement, for nonexecution of the lease. That was a case in which there was only a partial failure of consideration. The defendant was in possession of the premises; and the decision was made upon the ground, that the failure of the consideration was partial, and not total. On this point there is some conflict in the authorities, in this country and in England.

Mr. Chitty, in his treatise on Bills (Ed. 1839, p. 86), says a subsequent failure of the consideration for which a bill or note has been given, either in the whole or in part, when of definite amount, such as the nonperformance of a condition precedent, frequently, between the original parties or their representatives, affords a defence, entirely or partially. And this doctrine is sustained in the case of Lewis v. Cosgrave, 2 Taunt. 2; Weston v. Downes, 1 Doug. 23; Power v. Wells, Cowp. 818; Towers v. Barrett, 1 Term R. 133; Peake, 38; Spalding v. Vandercook, 2 Wend. 431. But the weight of authority, and especially the modern decisions, is, that unless there has been fraud, a partial failure of consideration can not be set up as a defence. Morgan v. Richardson, 1 Camp. 40, note; 7 East, 483; Solomon v. Turner, 1 Starkie, 51; Tye v. Gwynne, 2 Camp. 346; Basten v. Butter, 7 East, 479; Obbard v. Betham, Moody & M. 483; Gray v. Cox, 4 Barn. & C. 108; Laing v. Fidgeon, 6 Taunt. 108; Washburn v. Picot, 3 Dev. 390; Harlan v. Read, Ohio Cond. R. 578. The plaintiff's counsel also cited, to sustain the demurrer, Bree v. Holbech, 2 Doug. 655, 3 Pick. 452; Young v. Triplett, 5 Litt. (Ky.) 247, and. also, Sugd. Vend. 1–8. The note, having been given in Missouri, constitutes no objection to an inquiry into its consideration.

The plea sets up a total, and not a partial, failure of the consideration, for which the note was given. And, whether this was land or personal property, can make no difference.

Nor is it perceived, in such a case, that it can be important whether the instrument given by the plaintiff to the defendant, as evidence of title, was a deed of conveyance, or an agreement to convey. If the plaintiff had no title or claim to the land, which is asserted in the plea, and admitted by the demurrer, the defendant has a right to set up that fact, as a defence to an action on the note. Why should he be driven to his action on the warranty, if a warranty deed were given? of which, however, there is no evidence. This would require the defendant to pay the money, and then sue the plaintiff, on his warranty, for the same money, and recover it back again, if the plaintiff should be solvent. Such a course would defeat the ends of justice, and, at best, would be dilatory and expensive. If the defendant had entered into the possession of the premises, and enjoyed them, it would be clear that this defence could not be set up; for, then, there would be only a partial failure of consideration, which would not be a matter of defence.

In the case of Tillotson v. Grapes, 4 N. H. 444, where the consideration of a promissory note was a tract of land, which was to be conveyed, but the promisee dying before the conveyance, and being insolvent, it was held that the maker had a right to treat the note as a nullity. Where a note was given for the purchase money of land, the title to which fails, the note can not be recovered. Rice v. Goddard, 14 Pick. 293; Hartwell v. McBeth, 1 Har. (Del.) 363; Bowles v. Newby, 2 Blackf. 364; Loffland v. Russell, Wright, N. P. 438.

If the plea alledged, as the ground of failure of consideration, that the plaintiff had failed to convey, merely, it would be clearly bad, as was ruled in the case of Freligh v. Platt, 5 Cow. 494. In the case of Catlett v. McDowell, 4 Blackf. 556, which was an action on a promissory note, the third plea stated that the note was given for a part of the consideration of a tract of land, which the plaintiff was to convey to the defendant free from incumbrances, which he had not conveyed. And the fourth plea was similar, except that it stated that the land was to be conveyed in fee simple, by a good and sufficient deed of conveyance, with the usual covenant of warranty, and that it had not been so conveyed. Replication to the second plea, which was similar to the third, admitting the consideration of the note, as alledged, and stating that, on the 9th March, 1836, the plaintiff had fully complied with his agreement, by executing, and delivering to the defendant, a good and sufficient warranty deed for the land. Held, on general demurrer, that the third and fourth pleas, and the replication to the second plea, were sufficient.

In Archer v. Bamford, 3 Starkie, 175, the bill was given in part consideration for real estate—plea of fraud, and failure of consideration, &c. Abbott, C. J., was of opinion that, inasmuch as the defendant had not repudiated the contract, but had retained pos-

session of part of the premises, and, as consequently, the consideration had not wholly failed, it was impossible to say the bill was utterly void. To the same effect was the decision in the case of Alloway v. Sibert, 3 Blackf. 401; Spiller v. Westlake, 2 Barn. & Adol. 155.

In the case of Greenleaf v. Cook, 2 Wheat. [15 U. S.] 13, the court say, on the first exception it has been argued, that there is a failure of consideration, which constitutes a good defence to this action. Without deciding whether, after receiving a deed, the defendant could avail himself of even a total failure of consideration, the court is of opinion that, to make it a good defence, in any case, the failure must be total. ' The prior mortgage of the premises, and the decree of foreclosure, do not produce a total failure of consideration. The equity of redemption may be worth something—this court can not say how much; nor is the inquiry a proper one in a court of law, in an action on the note.

Upon the whole, we think the plea is good, and the demurrer must, therefore, be overruled. As this decides the case, it is unnecessary to examine the other plea, which sets up, that the contract was in violation of law and public policy. If the facts sustain this plea, there can be no doubt that it is a good defence. No contract is valid which is made in contravention of the law, or of public policy. Entries upon the public land for settlement, or as trespassers, have been forbidden, by act of congress, under severe penalties. But whether this law has not been modified, or abrogated by subsequent acts, giving preemptive rights, and encouraging such settlements, is a question which we deem it unnecessary to examine in this case.