## KESSEL vs. ALBETIS and others.

A parol assignment of a claim for the price of goods sold and delivered is valid.

Where a quantity of whisky was sold by the plaintiff's assignor to the defendant, for $1.45 a gallon, at a time when the tax imposed upon that article, by the government, was $2 per gallon, the bill of sale stating the price to be $2.45 per gallon; *Held* that the sale at a price less than the amount of the tax was, under section 21 of the act of congress of 1867, (14 *U. S. Stat. at Large*, 471,) *prima facie* evidence that the tax had not been paid; and that the intent to avoid the tax was inferred from the price at which it was sold, and the statement, in the bill of sale, of a price greater than the amount of the government duties.

The court is bound to take judicial notice of the statutes relating to internal revenue, and not to suffer the collection of any debt prohibited. And if a vendor has apparently violated them in the particular above mentioned, it is incumbent on him to show either that the tax has been paid, or that he did not intend to avoid the payment.

Independently of the statute making it *prima facie* evidence thereof, (14 *U. S. Stat. at Large*, 471, § 21,) no other conclusion can be reasonably drawn from the sale of an article for less than the tax imposed by law, upon it, in the absence of proof of the payment of such tax, than an intention to evade such payment.

This conclusion is strengthened where it appears that in the bill of sale the price of the thing sold is stated at a sum larger than the amount of the tax, although the actual price was less.

THIS was an action brought against the defendants as partners, doing business under the firm name of L. Albetis & Co., to recover the value of seventeen barrels of whisky, containing 884 gallons, sold by Albert Cahen to the defendants for cash, April 20, 1867, at the city of New York, at $1.45 per gallon, and amounting to $1261.80.

The complaint alleged that the claim had been duly assigned to the appellant by Cahen, before suit was brought.

The answer, among other things, denied the alleged value of the goods, the agreement to pay the alleged price, and the assignment.

The evidence of Wellman, the broker, was that the defendants accepted the whisky at $1.45 a gallon, and afterwards he presented them a bill for it, amounting to twelve

hundred and odd dollars, and they agreed to pay it; and they admitted to him that Cahen had delivered the whisky to them. Cahen swore that the amount that the defendants had agreed to pay for the whisky he assigned to Moses Kessel, the plaintiff in this action, before this action was commenced, by way of consideration for some money ($3200) that he owed Kessel, and that the assignment was a verbal one, although he was not sure about this. When Cahen made the assignment to Kessel he gave Kessel a statement of the amount of the debt, but whether written or verbal he could not say. The whisky Cahen actually sold to the defendants at $1.45 per gallon; but it was, at the defendants' request, billed to them at a fictitious price, to wit, at $2.45 per gallon.

At the close of the plaintiff's testimony, the defendants' counsel moved for a nonsuit, on the following grounds:

1st. That no valid assignment of the claim from Cahen to the appellant had been shown; that the statute of frauds required the assignment to be in writing; and,

2d. That the value of the goods had not been proven.

The court granted the motion, on the ground that the assignment should have been in writing, and upon the further ground that the original sale from Cahen to L. Albetis & Co. was in violation of the United States revenue laws.

The plaintiff appealed from the judgment.

*M. V. B. Wilcoxson*, for the appellant.

I. The evidence of the value of the goods was clear, and was admitted by the defendants to be twelve hundred and odd dollars (the actual amount being $1261.80.)

II. The evidence of the assignment of the claim by Cahen to Kessel for a good consideration was equally clear, and if that assignment was by parol, it was nevertheless valid, having been made for a good consideration, to wit, as payment for a debt of $3200. The court and the coun-

sel were in error in supposing that the statute of frauds affected the case. There is no statute on the subject, and an assignment may be by parol in every case where the statute does not expressly require a writing. (4 *N. Y. Rep.* 497. 7 *Exch.* 581.) It is well settled that a parol assignment of a debt, claim or chose in action, if founded on a good consideration, is perfectly valid, (*See Rupp* v. *Blanchard*, 34 *Barb.* 629,) and no notice of the assignment from the assignor or the assignee to the debtor is, in this State, necessary to complete the transaction. (*Muir* v. *Schenck*, 3 *Hill*, 228.)

III. The point taken by the court, that the original sale was invalid as against the laws of the United States, was equally unsustained by law or evidence. 1. The answer sets up no such defense. 2. No United States law was or can be cited that made this sale invalid. 3. The judge considered that as the whisky was sold for less than the alleged, but not proven, government tax on it, the sale was void; but no law was produced or exists, which pronounces a sale void under such circumstances; nor were any facts proved, or offered to be proved, to show that the tax due the government had not been paid, or that the plaintiff had been a party to any evasion of the United States tax.

*P. D. Pelton*, for the respondents.

I. There was no evidence of an agreed price for the goods mentioned in the complaint, and none of value, upon which the jury could find a verdict. Cahen, the vendor, testified, "they agreed to pay for these goods $1.27½, (meaning $1.27½ per gallon,) about $1100. I don't recollect the exact amount. I think the amount is $1115, or something of that kind." On cross-examination he says: "I told D'Antin (defendants' agent) that the goods were at $1.37½, (1.37½ per gallon.) Wellman, another of the plaintiff's witnesses, testified: "They (defendants) ac-

Kessel *v.* Albetis.

cepted the goods at $1.45 per gallon. The amount was twelve hundred odd dollars. I don't recollect the precise amount." He said there were 884 gallons; but he subsequently said, in relation to the quantity, "all I judge by is the return of the inspector, (not produced;) that is all I know of it." This is all the evidence in relation to price. There is no evidence whatever of value. The witnesses do not agree as to the contract price. If either price per gallon named by the witnesses be taken as the agreed price, there is no basis upon which the jury could determine the aggregate value, for there is no evidence of the quantity; Wellman had no knowledge, and was not competent to testify upon the subject.

II. There was no assignment of the cause of action. Cahen, the plaintiff's assignor, testified: "I assigned this claim to Moses Kessel, by way of consideration for some money I owed him. I am not sure about the assignment, whether it was verbal or not; I owed him $3000. I don't recollect whether he gave any receipt or credit for the amount. I gave him no paper of any kind; I gave him a statement of the amount of the claim. I don't know whether it was written or verbal; it might have been written. I signed nothing." This is all the evidence relating to the assignment. 1. There was no delivery of the claim or account, or anything else. Nothing whatever passed on either side. 2. No property could pass without delivery. If Cahen had brought an action to recover the claim set out in the complaint, the defendants could not have resisted his ownership, upon the facts contained in the case. (*Chitty on Cont.* 375. 1 *Pars. on Cont.* 229, *5th ed.*) 3. The transaction amounted to no more than an agreement to assign. As an agreement it was within the statute of frauds, and void.

III. The sale of the spirits was in violation of the United States revenue laws. The sale was for less than the amount of the revenue tax, ($2 per gallon.) Cahen said

the agreed price was $1.27½; Wellman $1.45.   The goods were sold April the 20th, 1867, and while the internal revenue laws of March 26, 1867, were in force.   Section 180 of said laws provides " that if any person liable to pay any tax, upon any article, &c., as herein provided, shall sell or cause the same to be sold, before the tax to which such article is legally liable is paid, with intent to avoid such tax, or in fraud of the revenue herein provided, any debt contracted in the sale of such article, &c., shall be entirely void, and the collection thereof shall not be suffered in any court." Section 21 of said act provides "that whenever any distilled spirits found elsewhere than in a bonded warehouse, shall be sold, or offered for sale at a price less than the tax imposed by law thereon, such selling shall be taken and deemed as *prima facie* evidence that the tax imposed by law on the same had not been paid."   The intent to evade the payment of the tax is evident from the fact that, while the contract price was less than $2, the bill was made for $2.45; (see Wellman's testimony, and bill rendered.)   The object of this is apparent; it was to conceal the fraud.

*By the Court,* BRADY, J.   This case was reserved in reference to the point taken by the respondent, that the contract for the sale of the whisky could not be enforced in consequence of a violation of the internal revenue laws. The whisky was sold for $1.45 a gallon, when the tax imposed upon it by the government was $2 per gallon.   Section 180 of the act relating to internal revenue, (13 *U. S. Stat. at Large,* 305,) provides that if any person liable and required to pay any tax upon any article, &c., as therein provided, shall sell or cause the same to be sold before the tax to which such article is legally liable is paid, with intent to avoid such tax, or in fraud of the revenue therein provided, any debt contracted in the sale of such article, &c., shall be entirely void, and the collection thereof shall not be suffered in any court.   Section 21 of the act of

Kessel *v.* Albetis.

1867, to amend existing laws relating to internal revenue, and for other purposes, (14 *U. S. Stat. at Large,* 471,) provides that whenever any distilled spirits found elsewhere than in a bonded warehouse shall be sold, or offered for sale, at a price less than the tax imposed by law thereon, such selling shall be taken and deemed *prima facie* evidence that the tax imposed by law on the same has not been paid; that said spirits have not been removed from a bonded warehouse according to law, and that the same shall be liable to seizure. At the time of the sale to the defendants the tax on whisky was $2 per gallon, (14 *U. S. Stat. at Large, p.* 480, § 14;) but, as already stated, the price of the whisky agreed upon was only $1.45, which was less than the tax to be paid to the government. The sale at the sum mentioned was *prima facie* evidence that the tax was not paid under section 21, (*supra,*) and the intent to avoid the tax was inferred from the price at which it was sold, and the amount stated in the bill rendered for it, and by which the price was made in excess of the government duties, namely, $2.45 per gallon.

When the plaintiff rested, the defendants moved for a nonsuit, on the grounds that the plaintiff had shown no valid assignment of the claim; that it should have been in writing, and not being in writing it was within the statute of frauds; and that the plaintiff had failed to fix the value of the goods. The motion was granted, upon the ground that the assignment was within the statute of frauds, and should have been in writing; and also upon the ground that the sale was in violation of the United States revenue laws. The latter ground, it is true, was not taken by the defendants' counsel, either by pleading or motion. It originated with the court, and was applied to the disadvantage of the plaintiff. We held, upon the argument, that the reasons assigned by the defendants' counsel for the dismissal of the complaint were not sufficient for that

Kessel *v.* Albetis.

purpose; that the assignment by parol was valid, and that there was evidence of the value of the whisky. The objection to the plaintiff's recovery, stated by the court, was regarded as formidable, and seems to be fatal. The court was bound to take judicial notice of the statutes relating to internal revenue, and not to suffer the collection of any debt prohibited, (§ 180, *supra;*) and the plaintiff having apparently violated them in the respect named, it was incumbent on him to show either that he had paid the tax, or that it had been paid, or that he did not intend to evade its payment. Independently of the statute making it *prima facie* evidence thereof, no other conclusion can be reasonably drawn, it seems to me, from the sale of an article for less than the tax imposed by law upon it, in the absence of proof of the payment of such tax, than an intention to evade such payment. And in this case, in addition to that circumstance, there was the fact that in the bill made out for the purchaser, the price was inserted at an amount in excess of the tax, as already stated, although the actual price was less. I think, the evidence showing a violation of the internal revenue laws, the complaint was properly dismissed, and that the judgment should be affirmed.

[NEW YORK GENERAL TERM, April 4, 1870. *Ingraham, Geo. G. Barnard* and *Brady,* Justices.]