THOMAS C. DOREMUS, APPELLANT, v. DAVID WILLIAMS, RESPONDENT.

*Debt — assignment of, by parol — Power of court of equity to compel assignor to execute written assignment.*

A parol assignment of a debt, made upon a good consideration, is valid, both at law and in equity.

In a proper case the court will compel the assignor to execute a written instrument of assignment; but his failure so to do is no defense to an action, brought by him upon a promissory note, given by the assignee in consideration of the assignment to him of the claim.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*Edward P. Wilder*, for the appellant. The ownership of Doremus & Nixon's claim against the Long Island Navigation Company became vested in respondent when he made and delivered

his notes. The very making and delivery of the notes by Williams, and their acceptance by Doremus, concluded the transaction. (*Kessel* v. *Albetis,* 56 Barb., 362; *Sexton* v. *Fleet,* 2 Hilt., 485; *Davis* v. *Shields,* 26 Wend., 362.) No written assignment of said claim was exacted as a condition precedent on the delivery of the notes, nor was any written assignment necessary. The parol transfer was valid. (*Hooker* v. *Eagle Bank of Rochester,* 30 N. Y., 83, and cases there cited; *Prescott* v. *Hull,* 17 Johns., 284; *Briggs* v. *Dow,* 19 id., 95; *Ford* v. *Stuart,* id., 342.) The neglect or refusal of Doremus & Nixon to execute and deliver to respondent a written assignment of their claim, after the making and delivery of the notes in question, is no defense to this action. (1 Parsons on Notes and Bills, 200; *Moggridge* v. *Jones,* 14 East, 486; *Freligh* v. *Platt,* 5 Cow., 494.)

*Williams Brothers,* for the respondent.

BRADY, J. :

This action was brought to recover on five promissory notes, made by defendant and payable to the order of the firm of Doremus & Nixon. At the date of the notes that firm held a valid claim against the Long Island Navigation Company, equal to the amount of the notes, for goods sold and delivered to them upon the order of the defendant, who was then president. The company, at the time the notes were given, was not able to pay its debts, and the defendant gave his notes for the amount of the plaintiff's demand, upon the consideration of the firm's assigning to him their claim against the company, which was agreed to, and the notes delivered. No formal or other assignment in writing was executed, and whether any such instrument was in fact presented to be signed, is a disputed question, and one upon which the evidence is conflicting. The notes were assigned after maturity to the plaintiff, the surviving partner of the firm of Doremus & Nixon, by the administratrix of Nixon. The referee found that no consideration for giving said notes was ever received by said defendant, and said firm never parted with any consideration therefor, a finding which seems to be predicated of the omission or refusal to transfer or assign the claim of Doremus & Nixon to the defendant. If it

# 460

## DOREMUS v. WILLIAMS.

be not based upon that fact, there is nothing upon which it rests. It is conceded by the plaintiff that the claim was to be assigned, although he asserts that no formal assignment was proposed when the arrangement about the notes was made between his firm and the defendant. The question presented on this appeal, it will be perceived therefore from this statement, is whether any written assignment was necessary, and, if yea, whether the refusal of the firm of Doremus & Nixon to make it, is a defense to this action. The notes were delivered without exacting the written assignment. The application for it was subsequently made. The transaction was complete, therefore, because the assignment of the claim was accomplished by parol. (*Sexton* v. *Fleet*, 2 Hilt., 485.) If two men agree for the sale of a debt, says Sir JAMES MANSFIELD in *Heath* v. *Hall* (4 Taunt., 327), and one of them gives the other credit in his books for the price, it is a good assignment in equity. (See, also, *Kessel* v. *Albetis*, 56 Barb., 362; and *Hooker* v. *Eagle Bank of Rochester*, 30 N. Y., 83; *Dix* v. *Cobb*, 4 Mass., 508; *Jones* v. *Witter*, 13 id., 304.) Under the Code an equitable assignment is equally valid in law. (Code, § 111; *Hooker* v. *Eagle Bank, supra.*) In this case the defendant gave his notes for the claim, and, having paid the consideration in the manner agreed upon, the claim passed to him by the oral assignment. It was a valid transfer in equity and in law. (Cases, *supra.*) The evidence does not disclose the fact, and, therefore, it would not justify the finding thereto, that the assignment in writing was a condition of the agreement to pay the debt of the Long Island Navigation Company. The delivery of the notes by the defendant without it, is strong presumptive evidence that such was not the understanding. The firm of Doremus & Nixon having thus disposed of their claim, could not enforce it against the company. They did not own it, for it had become the property of the defendant, and his right to collect it from the company was perfect. The referee was mistaken, therefore, in assuming that no consideration was given for the notes by the firm, and his finding on that subject was erroneous. As to the other branch of the question, namely, whether the omission or refusal to execute an assignment excuses the non-payment of the notes, it is only necessary to say that as such a ceremony was not a conditional part of the arrangement, and was not necessary to the validity of the defendant's

ownership of the claim, the omission could not in any way affect his rights. If, however, he desired to have a written instrument of assignment, he had his remedy and should have pursued it. It might be decreed him in an action for specific performance, if the facts and circumstances presented by his case warranted the exercise of the power of the court to enforce it. The omission to do it is no defense to the notes. (*Moggridge* v. *Jones*, 14 East, 486 ; *Freligh* v. *Platt*, 5 Cow., 494.) The assignment might be necessary for his protection against a subsequent transfer of the debt, or to facilitate the collection of the demand, but, as we have seen, it was not essential to the validity of his title. And the evidence shows that the firm of Doremus & Nixon acted upon the proposition or fact that they had parted with the ownership of the demand against the company, and took no steps toward its collection from them. The necessity of a new trial is apparent, and it must be ordered, with costs to the defendant, to abide the event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.