Spencer, Ch. J.,
delivered the opinion of the court. The question is, whether Mrs. Pearson took a fee, or a life estate only. If she took a fee in the premises, then the defendant is entitled to judgment: otherwise not.
*Judge Reeve, in his Treatise on Domestic Relations, 431. very justly says, that the governing rule is, that the intention of the testator is to prevail; and such construction is to be given to the words of a will, as to effectuate such estate as comports with the intention of the testator, provided such construction is consistent with the rules of law; and that, in all the cases upon this subject, where the proper technical terms have not been used, the question is, What is the intention of the testator ? and if that is discovered to be a legal intention, it is to be complied with.
It is upon this principle that a devise of lands to one, for ever, conveys a fee simple. So, a devise of all one’s estate in lands conveys a fee, if the devisor had a fee ; as it denotes, not only the subject matter of the devise, but the devisor’s interest in the subject., unless attended with restrictive words wdiich clearly show the intention of the testator that a fee should not pass. Upon this point the cases are numerous, and the law is perfectly settled.
The case of Hogan v. Jackson, (Cowp. Rep. 299.) will be found a very strong authority in favor of the defendant. There, after certain specific devises, the testator devised as follows: “ I also give and bequeath unto my dearly beloved mother, Mary Jackson, all the remainder and residue of all the effects, both real and personal, which I shall die possessed of and t he question was, whether she took a fee in the fee simple estates of the devisor. Lord Mansfield said, that the distinction, which was clearly established, was this, if the words of the testator denote only a description of the lands devised, in that case, if no words of limitation are added, the devisee has only an estate for life; but if the words denote the quantum of interest, or property, that the testator has in the lands devised, then the whole extent of such his interest passes by the gift to the devisee. The question, he adds, is always a question of construction upon the words and terms used by the testator. Speaking of the devise then under consideration, his lordship *225 observed, “ The natural and true meaning of real effects, in common language and speech, is real property, and real and per-sunnl effects are synonymous to substance, which includes every fifing that can be turned into money;” and *he declared himself clearly of opinion, that the testator meant that his mother should take the whole of his property, and that the words were sufficient to effectuate that intention; and the other judges concurred. In Hurtep v. Brooman, (1 Br. Ch. Rep. 437.) the devise was, after bequeathing to three persons the overplus of the testator’s money, “ I give and bequeath to them all I am u-orih, except £20, which I give to my executor;” the lord chancellor held, that the terms, “ all I am worth,” without other words to control them, must pass real, as well as personal estate. The words and terms of the devise in this case are very clear, and leave not a particle of doubt as to the intention of the devisor. He meant to put all his estate under the dominion and control of his wife, contenting himself with the injunction upon her to educate his daughters with care, and to treat them'with kindness and affection. The question turns upon the term, “ my property whatever that was, he devised it to his wife. The devisor gave her all his property. There is nothing to limit the devise to any species of property, or to any proportion of it; all the testator’s property must pass, or none of it. Although the testator expresses a tender regard for his children, he gives them nothing; but, for the purpose of educating and rearing them, he invests every thing in his wife. The words of this devise have received a construction which meets my full assent, in the case of Morrison and others v. Semple and another, (6 Binney’s Rep. 94.) There, the testator, by a will, very much like the one under consideration, gave to his son-in-law “ all his real and personal property.” Cli. .1. Tilghman said, that property signified the right or interest which one has in land or chattels, and that it was used in that sense by the learned and unlearned, by men of all ranks and conditions ; and it was adjudged that the devisee took an estate in fee. Property is defined to be the highest right a man can have to any thing ; being used for that right which one hath to lands or tenements, goods or chattels, which no way depend on another man’s courtesy. If it be objected, that a devise of one’s property has not, heretofore, been adjudged to convey all the interest of the *devisor, in any of the English cases, I answer, that I am not apprized that there is any decision to the contrary. The terms all my property are as extensive and comprehensive as all my estate, or all my effects real and personal, or all I am worth; and when it was first established, that the words all my estate, or all my effects real and personal, passed a fee simple, these were not technical words to vest a fee ; they were rendered operative, because the intention of the devisor was manifest, that a fee should pass. The maxim, Qui hceret in litera, hceret in cortice, might be well *226 applied to any judge who should refuse to carry into effect the intention of a testator, where that intention is plain; and where he employs words as significant and comprehensive, as those which have been adjudged to carry a fee.
Judgment for the defendant, (a)

 In Doe, ex dem. Wall, v. Langlands, (14 East, 370.) the words of the will were, “ I give and bequeath all and every the residue of my property, goods, and, chattels, to be divided equally E &c.; it was held, that the word property comprehended all that the testator was worth, and would pass his real as well as his personal estate; and that the words goods and chattels, with which it was joined, were not explanatory or restrictive, but cumulative merely. (11 East, 290. 518.)