## PALMER *versus* DOUGHERTY.

In trespass *quare*, if the defendant plead not guilty to the whole trespass alleged, with or without a brief statement, the plaintiff has no occasion to make a new assignment.

When land is conveyed as bounded by a street, represented on a plan, but not yet made, the soil of the contemplated street, though owned by the grantor, does not pass by the conveyance.

But if the grant be bounded merely by a highway, it conveys the fee to the central line of the way.

In a conveyance of house lots, upon a street, not yet made or accepted, but existing only upon a plan, the words *" with a reserve of the street"* may be construed as words of grant, when such was the obvious meaning of the parties.

Tenants in common may join or sever in personal actions for injuries to their land.

ON REPORT of legal questions, transferred from the District Court, RICE, J. presiding.

TRESPASS *quare clausum fregit.*

Charles street and James street in Belfast were laid out across some unoccupied land. They were marked upon a plan, but have not been made or accepted. The land belonged to David and James Miller, who laid it into house lots. By division deeds, James conveyed to David these house lots, " with a reserve" of the two streets. David, by his will, devised the house lots to his daughter, Mrs. Hodgdon. The

residue of his estate he devised to his four children, in equal undivided parts.

Mrs. Hodgdon conveyed two of the house lots lying opposite to each other on James street, bounding each of them by the street.

The purchasers, Howes and Blodgett, each built a house on his own side of the street, and claimed that the title of each extended to the centre line of the street.

The defendant was employed by Howes and also by Blodgett, to take gravel from the street. For taking that gravel, this action is brought, alleging a breaking and entering into land in Belfast, owned in common by the plaintiff and others.

The plaintiff had purchased all the right in the street which belonged, under the residuary devise in the will, to one of the heirs of said James.

The general issue was pleaded by the defendant with brief statement, justifying as the servant of Howes, also as servant of Blodgett; also alleging soil and freehold in Howes and Blodgett; also in the plaintiff jointly with Howes and Blodgett; also denying all title in the plaintiff to the soil.

The defendant thereupon objected to the plaintiff's right of recovering; —

1. Because the plaintiff having declared generally for a trespass, upon land in Belfast, without describing any particular close, and the defendant having pleaded soil and freehold, and proved a freehold in the persons, under whom he justified, in some part of the town, it became plaintiff's duty to make a new assignment, in which he should set out with greater particularity the close in which the trespass was committed, and having failed to do so, his action was gone.

2. Because the plaintiff had neither actual nor constructive possession of the *locus in quo* at the time he commenced his action.

3. Because the plaintiff took nothing by his deed from the heir of James Miller, who, in his lifetime, had conveyed

all his interest to David Miller; the terms, " with the reserve of two streets," contained in said last deed, being terms of grant and not of reservation, and if that language amounts to or is to be construed as a reservation, the defendant is tenant in common with the plaintiff. For the deeds from Mrs. Hodgdon to Blodgett and Howes conveyed a title to the centre of James street, on each side; the terms " to" " by" and " on" not being terms of exclusion, when used in describing boundaries on roads, streets, rivers, &c.

4. The deed from the heir of James Miller to plaintiff is void on the ground of maintenance.

By agreement, the defendant's objections, thus taken, were reported to this Court for a legal adjudication.

*N. Abbott,* for the defendant.

1. The declaration alleged a trespass upon land in Belfast. The defendant justified under Howes and also under Blodgett, and proved that each of them owned land in Belfast. It was therefore necessary that the plaintiff should new assign and designate the land upon which the alleged trespass was committed. Story's Plead. 569; *Ellet* v. *Pullen,* 7 Halsted, 357.

2. Possession, actual or constructive, is necessary for the support of trespass *quare clausum fregit.* 8 Mass. 415; 2 Fairf. 73; 22 Maine, 452. The case shows that Howes and Blodgett had been four or five months in possession, and does not show that any party, under whom the plaintiff claims, ever entered or disturbed that possession. The action is, therefore, unsustainable.

3. The deed from James to David Miller conveyed the street. The words, " with a reserve of the two streets," were words of grant, not of reservation to the grantor. That this was the purpose, is perfectly plain.

In the construction of a deed, a word inadvertently omitted may be supplied as the sense requires. 4 Greenl. 429.

Words in a deed are to be taken most forcibly against the grantor. 21 Maine, 69.

If a deed can enure in different ways, the grantee may take it in the way which shall be most to his advantage.    8 Johns. 393 ;  16 Johns. 172.

An exception in a deed shall be taken most favorably to the grantee; and if it be not set down or described with certainty, the grantee shall have the benefit, which may arise from such defect.    3 Johns. 370—375.

A deed of *house lots* in our villages and towns should not be construed to exclude the streets adjoining them, except upon the clearest language.    18 Maine, 77, 78 ; 3 Kent's Com. 433.

If the streets were excepted out of James Miller's deed to David Miller, then James and David, after the sale, remained tenants in common of the streets, until they sold ; and after they sold, their grantees became tenants in common ; for a reservation in a deed, from one tenant in common to another tenant in common, leaves the reserved part common property still.    Hence the plaintiff and defendant (or those under whom defendant justifies) are tenants in common of the *locus in quo ;* and one tenant in common cannot maintain trespass *quare clausum* against his co-tenant.    10 Pick. 250 ; 13 Maine, 25.

It may be contended that Blodgett and Howes are excluded from James street by the terms of their deeds, and that Mrs. Hodgdon was excluded from said street, by the terms of David Miller's will ; that *by, to* and *from* are words of *exclusion ;* but this is not true, when applied to *streets* and *streams.*    It is only true when applied to ponds and lakes. 18 Maine, 76 ; 3 Kent's Com. 433, 434.

If the language, in James Miller's deed to David, amounts to a reservation, it was not intended as a *reservation* of the *soil,* but only a reservation of an easement for public use. Where a grantor excepts and reserves all *roads* and *streets* on the premises, he does not intend to reserve the soil, but only the *public rights.*

The plaintiff's deed under which he claims is void on the

ground of maintenance. 1 Russell on Crimes, 145 ; 6 Mass. 421 ; 7 Mass. 77, 78 ; 11 Mass. 554.

*Palmer*, for the plaintiff.

HOWARD, J. — According to technical rules of pleading, a new assignment, in actions of trespass *quare clausum fregit* was necessary only where the defendant pleaded soil and freehold, or some other special plea in bar. But where he pleads the general issue of not guilty, to the whole trespass alleged, with or without a brief statement under the provisions of the statute, the plaintiff has no occasion to make a new assignment, but may give evidence of any act of trespass covered by his declaration. 1 Saund. 299, note 6 ; R. S. chap. 115, sect. 18.

Where land is conveyed according to a plan taken, the courses, distances and lines there delineated, are regarded, in legal construction, as the description, by which the limits of the grant are to be ascertained. *Proprietors of Kennebec Purchase* v. *Tiffany*, 1 Maine, 219 ; *Thomas* v. *Patten*, 13 Maine, 329 ; *Davis* v. *Rainsford*, 17 Mass. 207.

When land is conveyed as bounded by a street, represented on a plan, but not made, 'the soil of the contemplated' street, though owned by the grantor, does not pass by the conveyance. *Southerland* v. *Jackson*, 30 Maine, 462. But if he bound the grant by a highway, generally, it will carry the fee to the centre of the way, if his title extended so far. *Stevens* v. *Whistler*, 11 East, 51 ; Com. Dig. Chinim A. 2 ; 3 Kent's Com. 433 ; *Johnson* v. *Anderson*, 18 Maine, 76.

David and James Miller, for the purpose of effecting a division of certain lands in Belfast village, owned by them as tenants in common, executed mutual releases of the same date. The former releasing all his right to the lands west of Congress street, and the latter releasing, with other lands, " the following parcels of lands in Belfast, bounded as follows, lying easterly on Congress street, and northerly of the White and Mansfield lots, containing twelve house lots, of a quarter of an acre each, more or less, *with the reserve of the two streets*

*contemplated by a plan made by M. Sleeper, Esq.* Charles and James streets had been projected on the plan, but had never been made, and to those the language of the deed must have been applied.

It was manifestly the intention of James to release his interest in the lots, and the adjoining land delineated on' the plan as the streets. The expressions " with the reserve," &c., do not import a reservation to the grantor or releasor, but are used as descriptive of the premises conveyed. , By this conveyance David became sole seized of the house lots and the soil of the contemplated streets. He subsequently devised to Margaret Hodgdon, (under grantees of whom the defendant justifies the alleged trespass,) the house lots, bounding them by those contemplated streets. By that devise, upon the principles stated, the fee in the streets did not pass. But by a subsequent clause in the will, he gave the *remainder of his* " *estate*," after payment of his just debts and expenses, to his four children, or their heirs, to be divided equally, with an exception not material to this case. This operated as a devise of the realty. *Barry* v. *Edgeworth*, 2 P. Wms. 523, note 1 ; *Rideout* v. *Paine*, 3 Atk. 486, note 1 ; *Barnes* v. *Patch*, 8 Ves. 604 ; *Wall* v. *Langlands*, 14 East, 370 ; *Pearson* v. *Housel*, 17 Johns. 281 ; *Pickering* v. *Langdon*, 22 Maine, 413 ; *Godfrey* v. *Humphrey*, 18 Pick. 537 ; *Kellogg* v. *Blair*, 6 Metc. 322 ; 4 Kent's Com. 535 ; *Holdfast* v. *Martin*, 1 T. R. 411 ; *Morgan* v. *Morgan*, 6 Barn. & Cress. 512.

By this devise, James, as one of the children, became seized in fee of one undivided quarter of the land on which the contemplated streets had been projected, as represented on the plan. Afterwards he released by deed of quitclaim all this interest to the plaintiff. R. S. chap. 91, sect. 8.

The argument, that this conveyance is void for *maintenance*, is not supported by the facts or the evidence. " Maintenance is commonly taken in an ill sense, and, in general, seemeth to signify an unlawful taking in hand, or upholding of quarrels or sides, to the disturbance or hindrance of common right." Hawk. P. C. ¶ 1, chap. 83, sect. 1.

Tenants in common may join or sever in personal actions for injuries to the land. R. S. chap. 129, sect. 17.

According to the agreement the defendant is to be defaulted.