DAVID RISLEY, APPELLANT, v. THE PHŒNIX BANK OF THE CITY OF NEW YORK, RESPONDENT.

*Cause of action — portion of an indebtedness — assignment of by parol.*

A cause of action may be assigned by parol, and a portion of an indebtedness due to the assignor from a third person, *e. g.*, a deposit in a bank, may be assigned in the same manner.

APPEAL from a judgment dismissing the complaint at the Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*E. H. Hobbs* and *J. E. Risley*, for the appellant.

*Edgar S. Van Winkle*, for the respondent.

BRADY, J. :

The plaintiff held a check drawn by the Bank of Georgetown, South Carolina, upon the defendants, for the sum of $10,000. It was dated May 20, 1861, and was drawn to the order of the plaintiff, for a valuable consideration. On January 4, 1865, it was presented to the defendant for payment, and its cashier said : " The drawer's signature is correct ; the check is good ; we have the funds and will pay the amount, but you must be identified as the payee of the check." The plaintiff was properly identified, and the check again presented on the 5th of January, 1865, and on subsequent days, but payment was refused. It does not distinctly appear that the identification took place on the fifth of January, although it may be fairly inferred to have been then done from the fact of presentation, in connection with what took place on the day preceding. The complaint, in addition to the cause of action, resting upon the check, as a further and separate cause of action, alleged, that on the 20th day of May, 1861, the said defendant was indebted to the said Bank of Georgetown in the sum of $10,000 and upwards, and that on that day the said Bank of Georgetown sold and assigned to the plaintiff the said indebtedness of the defendant to it, to the

amount of $10,000, and that the plaintiff has ever since been and is now, the lawful holder and owner thereof, and brings this action to recover the same.

And on the trial the plaintiff offered to show in reference to it as follows : " That on the 20th day of May, 1861, for a valuable consideration, by an oral agreement, the Bank of Georgetown assigned and sold the indebtedness due it, the Bank of Georgetown, from the defendant, to the extent of $10,000 thereof, and gave plaintiff the check above referred to ; and that on the 4th day of January, 1865, the plaintiff notified the defendant that he had purchased the claim and indebtedness due from the Phœnix Bank, and presented the check and demanded payment of the same, and that the same has not been paid."

The counsel for the defendant conceded, for the purposes of a motion to dismiss the complaint, that the plaintiff's testimony would prove the facts stated *prima facie*, and that the offer to prove them should have the like effect as if the witnesses had been sworn and so testified. This concession was made because, after the case had been opened and before any evidence was given, the defendant's counsel moved to dismiss the complaint on the assumption that, admitting the facts stated to be truly existing, the plaintiff had no cause of action.

In reference to the defendant's liability upon the check, the proposition was that the check was a bill of exchange, and the drawee could not be held liable thereon except by its acceptance in writing. This view is sustained by the case of *Duncan et al.* v. *Berlin et al.* (60 N. Y., 151); but there are many others in which the doctrine has been declared that a check is a bill of exchange. (See *Cruger* v. *Armstrong*, 3 Johns. Cas., 5, 7, 8 ; *Merch. Bank* v. *Spicer*, 6 Wend., 443, 445 ; *Murray* v. *Judah*, 6 Cowen, 484, 490 ; *Lunt* v. *Bank of North America*, 49 Barb., 221 ; *Chapman* v. *White*, 6 N. Y., 412.)

When the office of a check, which is *sui generis*, is considered, it is strange that it should be regarded as a bill of exchange and subject to the rules which govern such instruments. A check is generally drawn upon a bank, or bankers, and is in fact a substitute for ready money, and means money ; it is received with the expectation that it will be accepted and treated as money until dishonored by

the drawee, which rarely happens. It is not dependent upon any other incident than the presence of the fund against which it is drawn ; and it is not drawn, therefore, for acceptance, but for payment. It does not depend upon the willingness or readiness of the drawee to accept but wholly upon the existence of the fund, and payment is the only acceptance which enters into the arrangement or intention of the parties in reference to it ; both the maker and the holder, or the payee, regarding it as a direction to the drawee to pay so much out of the money of the drawer, which the drawee holds for the sole purpose of paying it out to the creditors of the drawer, having no control over it in any way whatever. When, therefore, a check, considered with reference to the design and object of it, is presented to the bank, the only request it can make through its officers is, proof of identity when it is payable to the order of a person named. This proceeding does not involve acceptance, however. The identification is not required for that purpose ; on the contrary it is for protection, and because there is not to be an acceptance but immediate payment. The doctrine of acceptance which relates to bills of exchange *eo nomine,* is well understood by the contracting parties, and they know it to be an element affecting their validity which depends on a variety of independent causes.

The rule stated relative to checks is, however, so well settled that the court of last resort only should interfere with it. The proposition of the defendant's counsel, thus considered, was correct, therefore, for those reasons, and the court was justified in accepting it as a correct exposition of the law. This result did not, however, dispose of the case, although it disposed of all issues, save one, to be considered.

The allegation in the complaint and the proof, established an oral assignment of the indebtedness of the defendant to the Bank of Georgetown to the extent of $10,000, for a valuable consideration, of which the defendant was notified at a time when funds of the assignor to the amount named was in its possession, namely, on the 4th of January, 1865. This was not an equitable assignment, springing out of the possession of the check, but an assignment in fact, valid in law, and giving or creating a good cause of action. The check would be evidence of the transaction, as between the assignor and assignee, and might be admissible as corroborative tes-

timony in this action if the issue on that subject were to be disposed of on conflicting proofs. But this is a subject not necessarily presented now for discussion. The assignment averred was good as such. Such a legal effect may be accomplished by parol. A chose in action may be assigned in that mode. (*Prescott* v. *Hull,* 17 Johns., 284; *Ford* v. *Stuart,* 19 id., 342; *Kessel* v. *Albetis,* 56 Barb., 362.)

The learned counsel for the defendant seems to have regarded the check as inseparably connected with the cause of action, and that the whole claim rested solely upon the drawing and delivery of the check. If this were so the judgment would have to remain undisturbed; but the assignment considered made a separate cause of action, and the plaintiff had a right, of which he was deprived, to present his proofs to establish it.

For these reasons, we think, the judgment must be reversed and a new trial ordered, with costs to abide event.

DAVIS, P. J., and DANIELS, J., concurred in the result.

Judgment reversed and new trial ordered, costs to abide event.