## KAHANAIKI *vs.* KOHALA SUGAR CO.

### EJECTMENT.   BEFORE JUDD, C.J.

### APRIL, 1888.

An estate in fee held to be created by a devise in a will, although there
was no limitation to heirs of the devisee: and a condition against
alienation held to be incompatible with the estate to which it is annexed,
and therefore void.

The devisee held not to be estopped by his conduct from claiming his
estate in fee.

### DECISION OF JUDD, C.J.

This is an action of ejectment begun at the July Term, 1887,
but only brought to a hearing on the 2d April, 1888. The plain-
tiff claims to be entitled in fee simple by purchase to a tract
of land situate in Apuakohau and Kuhuiwaluhia, North Kohala,
Hawaii, consisting of 134.25 acres granted to one Kahoe by
Royal Patent No. 2053, and the possession of which is unlaw-
fully withheld from her by the defendant corporation. The
plaintiff introduced in evidence a copy of the will of Kahoe, the
grantee of the Government, claiming that it devised this estate
to one Kanakanui, and also a deed of same from said Kanakanui
to herself, dated 13th July, 1880, and recorded in Liber 66,
pages 135 and 136.

Kanakanui and Kahoe were brothers, and Kahanaiki, plain-
tiff, is their sister.

The defendant corporation disclaims as to one-half of the
land. If Kanakanui took the whole estate in fee from Kahoe,
then plaintiff is entitled to recover all, otherwise she is entitled
to recover one undivided half, *i.e.*, one-quarter by descent from
Kahoe, and one-quarter by purchase from Kanakanui.

The will of Kahoe is translated by the Court Interpreter as
follows:

### WILL.

I, Kahoe (k.), residing at Apuakohau, Kohala, Island of

Hawaii, Hawaiian Islands, hereby leave to Kanakanui, this 8th day of September, year one thousand eight hundred and sixty-six, he is the heir of my real and personal property, saving that he is not to sell or make improper leases of it, then (if he does so) our blood relatives may instruct him if he violates any of the directions set forth above.

In witness whereof I hereby sign my name this 8th day of September, A.D. 1866.

KAHOE.

Eye Witnesses: J. W. Moealoha, Kuae, Hakau; Nakapalaau.

I think it was the intention of Kahoe to create an estate in fee in Kanakanui, although the estate is not limited to his "heirs."

An exception to the rule requiring a limitation to "heirs" to create an estate of inheritance is where the estate is created by devise. "In such cases the intention of the testator, if clearly expressed by his last will, will be sufficient to create a fee without the use of the word 'heir.'" "All my property" has been held to be sufficient, as they show that the intention of the devisor was manifest that a fee should pass. 1 Wash. R. P., *59: *Jackson vs. Housell,* 17 Johns., 281.

In our case the testator leaves to and makes Kanakanui the heir of all his real and personal property.

Now, what is the effect of the subsequent words of the will—"Saving that he is not to sell or make improper leases of it, and if he does so, then our blood relatives may instruct him if he violates any of the above directions."

These words must mean that Kanakanui was not to sell or make improvident leases of the land, and if he attempted to do so they could be avoided by the testators' and devisees' heirs, who in this case would be the same persons. If the word "ao" in Hawaiian, translated "instruct," cannot be held to mean the right of the relatives to prevent the alienation of the land by Kanakanui, and means that they are merely to advise or "instruct" him, it has no effect to limit the character of the estate devised to him. But if this clause means that the blood

relatives may prevent alienation, it is an attempt to create a condition against alienation.

"One of the most important incidents to a fee simple is the right of free and unlimited alienation, and a condition altogether preventing alienation in a devise of lands in fee simple would be void, as being repugnant to the estate." 1 Wash. R.P., *54.

"No one can create what is in the intendment of the law an estate in fee and deprive the tenant of those essential rights and privileges which the law annexes to it. He cannot make a new estate unknown to the law." *Doebler's Appeal,* 64 Penn., 17.

There are allowed in the law certain limited restrictions to the power of alienation to the devisee or grantee of an estate in fee. "But these conditions as to time when and persons to whom alienations cannot be made, must be reasonable in order to their being valid." None such are disclosed in this case.

It seems to me that Kanakanui regarded his estate as one upon condition subsequent, and that his estate was liable to be defeated if he should sell or lease improvidently without the consent of his brothers and sisters. There is abundant testimony to this effect. But I regard this condition as one that is incompatible with the nature of the estate to which it was annexed, and by all the authorities if the condition is incompatible with the estate in fee, then the effect is to render the estate absolute in the grantee or devisee. 2 Wash. R. P., *448; Co. Lit., 206 and 223, Sec. 360, Am. Ed. of 1853; *Blackstone Bank vs. Davis,* 21 Pick., 42; *Brandon vs. Robinson,* 18 Ves., 429.

If Kanakanui misconceived the nature of his estate and let his brothers and sisters and their children into a share of the rents of the land and declined to alienate any portion of it, saying that his relatives were interested in it, this can have no effect to alter the legal character of the estate that came to him by the devise of Kahoe, unless he has estopped himself and his privies, or unless his brother and sisters have acquired an estate by prescription in the land.

I do not find that an estoppel has been created. No one has

acted upon Kanakanui's representations, the truth of which it would now be inequitable for him or his grantee to deny. The sharing of rents with his sisters, etc., would be evidence that their tenancy in common with him continued, and that there was no ouster, but they were not made tenants in common by the devise of Kahoe, and there is no pretence that any one of them has acquired an estate by prescription in any part of the land. Their enjoyment of the property was not adverse to him, but was always with his consent.

From a careful study of this will, I am unable to find a trust disclosed in Kanakanui for his own benefit and that of the heirs of Kahoe, or any semblance of a trust.

My opinion is that judgment for the entire estate claimed should be rendered for the plaintiff, with nominal damages $1, as none are shown.

*W. O. Smith,* for plaintiff.

*W. R. Castle,* for defendant.

Honolulu, April 25th, 1888.