# YOUNG v. THE NORRIS PETERS COMPANY.

WILLS; PROBATE; PREJUDICIAL ERROR; DEVISE; CONSTRUCTION; RESIDU-
ARY CLAUSE.

1. Section 8 of the act of Congress of June 8, 1898, substantially re-enacted
in D. C. Code, § 141 [31 Stat. at L. 1213, chap. 854], providing that
*any* person interested under any will filed in the office of the register of
wills prior to June 8, 1898, "may offer the same for probate as a will
of real estate," is permissive, and not mandatory; accordingly, in an
action·of ejectment such a will may be offered in evidence after proof
of execution in due form, although it has been probated only as a will
of personalty.

2. The admission in evidence, in an ejectment suit, of the probates of two
wills as wills of personalty, is not prejudicial error, where the exe-
cution of the wills has already been proved by the subscribing wit-
nesses, and no attempt has been made to contradict or impair their
testimony. If admissible in evidence under the proof of execution,
they were sufficiently proved, without additional proof, to pass title.

3. Although a simple devise, without any words of limitation or descrip-
tion of the extent of the interest devised, creates an estate for life only,
yet any words, sufficiently indicating an intent on the part of the
testator to create the greater estate, will be given that effect no matter
what their form may be, and the whole will may be looked into to ascer-
tain this intention in respect of the particular clause. (Following
*McAleer* v. *Schneider*, 2 App. D. C. 461, 467.)

4. It is a general rule always to construe a residuary clause so as to pre-
vent an intestacy as regards any part of the testator's estate, unless
there is an apparent intention to the contrary.

5. The word "property," where there is no indication of its use in a re-
stricted sense, includes "real property." (Following *McAleer* v.
*Schneider*, 2 App. D. C. 461.)

6. Where there is a devise of certain property to A without words of limi-
tation, and no other specific devise of such property, and a residuary
devise to A of all property of which he may die seised and possessed,
not otherwise devised, the fee vests in A under the residuary clause, if
not under the specific devise.

No. 1579.   Submitted February 7, 1906.   Decided March 6, 1906.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia in an action of ejectment.                                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action of ejectment brought by Thomas E. Young, on December 21, 1899, against the Norris Peters Company to recover an undivided third part of lot No. 34 in reservation B in the city of Washington. While the action was depending, Thomas E. Young died, and Frederick S., Carrie M., and Charles O. Young have been substituted as plaintiffs in his stead.

Two stipulations entered into by the respective counsel recited the following facts substantially: (1) James E. Young died October 19, 1892, seised in fee of the *locus in quo* as described in the declaration, leaving as his only heirs at law his brothers Thomas E. Young, William A. Young, John M. Young, and his sister, Margaret L. Gaddis. (2) That the plaintiffs will offer no evidence attacking in any way the testamentary capacity of James E. Young or of John M. Young on the dates of the alleged execution of their wills, October 1, 1892, and June 29, 1894, respectively, the first of which was admitted to probate in the supreme court of the District November 15, 1895, and the second on the same day. (3) That the defendant shall only be required to make formal proof of said execution by such subscribing witnesses to said wills as are living within the District of Columbia at the time of trial. (4) That no evidence shall be offered by the plaintiffs attacking the said wills by reason of any undue influence, fraud, or other similar matter mentioned in any caveat heretofore filed. (5) That the gross annual rents from the *locus in quo* are $1,200 per annum, and have been such since the filing of the declaration in this cause. (6) That the substituted plaintiffs are the children and sole heirs at law of Thomas E. Young, the original plaintiff.

The stipulation contains a proviso to the effect that nothing therein shall prevent the plaintiffs from objecting to any proof of said wills on the ground that the only competent proof of exe-

cution is a probate of the same as wills of real estate after June 8, 1898.

It was then admitted that the defendant was, at the time of the institution of the suit, and still is, the tenant of Job Barnard, surviving trustee under the will of John M. Young, and in possession of the premises, the net rental value of which is $75 per month; and, further, that James E. Young died October 19, 1892, and John M. Young, February 5, 1895.

Having then given evidence tending to show that the value of the *locus in quo* is $17,000, the plaintiffs rested.

The defendant then offered evidence tending to show title as follows:

(1) The deaths of James T. Young, one of the three subscribing witnesses to the will of James E. Young, and Reuben F. Baker, one of the three subscribing witnesses to the will of John M. Young.

(2) Proof of the due execution of the will of James E. Young by the two living subscribing witnesses thereto.

(3) The will of James E. Young, as follows:

I, James E. Young, being of sound mind and memory, but weak of body, do make and declare this to be my last will and testament.

I give, will, bequeath, and devise to my sister, Margaret L. Gaddis, in her own right, that certain piece or parcel of land, known and designated as number fifteen hundred and seven (1507), Ninth (9th) street, northwest, in the city of Washington, District of Columbia, together with all the improvements upon said land.

I give, will, bequeath, and devise to my brother William A. Young, the farm now owned by me, and which I have occupied as my residence, situate on the Columbia road, in Alexandria county, State of Virginia, said farm being the more easterly one of the two farms now owned by me in said county and State.

I give, will, bequeath, and devise to my brother John M. Young, that certain piece or parcel of land known and designated as number four hundred and fifty-six (456) Pennsylvania

avenue, northwest, in the city of Washington, District of Columbia, together with all the improvements thereon or appertaining to said piece or parcel of land.

I give, will, bequeath, and devise to my said brother John M. Young the most westerly farm of the two farms owned by me and situate on the Columbia road in Alexandria county, State of Virginia.

I give, will, bequeath, and devise to my said brother John M. Young all of the personal property of which I may die seised and possessed, as well also of any other property or properties not otherwise willed and devised as hereinbefore set forth.

I nominate and appoint my said brother John M. Young as executor of this my last will and testament.

In testimony whereof, I have hereunto set my hand and seal, and publish and decree this to be my last will and testament in presence of the witnesses below, this first day of October, in the year of our Lord, one thousand eight hundred and ninety-two.

his<br>
James E. x Young. [L. S.]<br>
mark

Signed, sealed, declared, and published by the above-named testator, James E. Young, as and for his last will and testament in the presence of us, who, at his request and in his presence and in the presence of each of us, have hereto signed our names as witnesses.

Edward H. Wilson,<br>
423 2nd N. E.<br>
George F. Hane,<br>
James T. Young,<br>
1336 N. Y. Ave.

(4) The probate of said will as one of personal property in the supreme court of the District on November 15, 1895.

(5) Proof by the two living subscribing witnesses to the will of John M. Young of its due execution.

(6) This will is not set out in the bill of exceptions, but it is recited that the residue of testator's estate, including the *locus*

*in quo,* was devised thereby to trustees, of whom Job Barnard is the sole survivor, upon certain trusts.

(7) The probate of said will as a will of personalty in the supreme court of the District on November 15, 1895.

The plaintiffs objected to the testimony of the subscribing witnesses to each of the foregoing wills, to their introduction in evidence upon such proof, and also to the introduction of the records of probate, all of which objections were overruled, with exceptions reserved.

The court then refused several instructions asked by the plaintiffs submitting the grounds of their claim of title, and directed the jury to return a verdict for the defendant. Plaintiffs reserved their exceptions to this action of the court, and from the judgment entered on the verdict have prosecuted this appeal.

*Messrs. Cole & Donaldson, Mr. John Ridout,* and *Mr. B. W. Parker* for the appellants.

*Mr. Ralph P. Barnard, Mr. Guy H. Johnson, Mr. R. Ross Perry,* and *Mr. R. Ross Perry, Jr.,* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. The first question to be considered arises on the exceptions taken to the introduction of the wills of James E. Young and John M. Young, respectively, after proof of their execution as wills affecting real estate.

Before the passage of the act of Congress of June 8, 1898, the probate of a will in the District of Columbia was evidence of its validity only so far as it affected personal property. As showing the passage of title to real estate the instrument itself must have been produced, with the proof of subscribing witnesses, as was done in this instance.

Section 2 of the act aforesaid (30 Stat. at L. 434, chap. 394) conferred plenary jurisdiction upon the supreme court of the District of Columbia, holding a special term therefor, to hear

and determine all questions relating to the execution and to the validity of any and all wills devising any real estate within the District, and of any and all wills and testaments properly presented for probate therein, and to admit the same to probate and record in said special term; and provided that neither the execution nor the validity of any such will or testament so admitted to probate and record shall be impeached or examined collaterally, but the same shall be in all respects and as to all persons *res judicata,* subject, nevertheless, to the provisions hereinafter contained.    See also D. C. Code, § 117 [31 Stat. at L. 1208, chap. 854].

Section 8 declares that the preceding sections shall apply only to wills and testaments hereafter offered for probate, etc., provided that "any person interested under any will heretofore filed in said court [*i. e.,* one before made] may offer the same for probate as a will of real estate, whereupon such proce dings shall be had as by this act are authorized in regard to wills hereafter offered for probate."    [30 Stat. at L. 437, chap. 394.]

Section 141 of the Code, re-enacting the foregoing section, expressly declares that the preceding sections of the Code relating to probate shall not apply to wills and testaments offered for probate prior to June 8, 1898, etc.:   "Provided, that any person interested under any will filed in the office of the register of wills for the District of Columbia prior to said date may offer the same for probate as a will of real estate, whereupon such proceedings shall be had as by this Code are authorized in regard to wills offered for probate after said date."    [31 Stat. at L. 1213, chap. 854.]

The contention of the appellants is that, under the sections aforesaid of the act of 1898, and of the Code, which went into effect January 1, 1902, no will of a testator dying before June 8, 1898, can be admitted to show title to land in an action of ejectment, unless it shall have been admitted to probate as provided therein.

We need not pause to consider whether Congress had the power to impose the condition contended for upon wills that went into effect before the enactment, or whether, if so, parties

claiming thereunder had such substantial rights in them as were expressly saved by section 1638 of the Code [31 Stat. at L. 1435, chap. 854], because we are of the opinion that it did not undertake to exercise such power.   The provision of section 8, substantially re-enacted in section 141 of the Code, that parties interested under such a will, filed prior to said date in the office of the register of wills, "may offer the same for probate as a will of real estate," is clearly intended as permissive, and not mandatory.

There was no error, therefore, in permitting each will to be introduced in evidence after proper proof of its execution in due form.

2. The error assigned on exceptions taken to the introduction of the probate of the said wills as wills of personal property, on November 15, 1895, raises a question of no practical importance.

If inadmissible, no possible  injury was sustained by the appellants.   The execution of each will was amply proved, under the terms of the stipulation relating thereto, and no attempt was made to contradict or impair the credibility or weight of the evidence.   Nor do appellants deny that, if admissible in evidence under the proof given, they were sufficient, without additional proof, to pass title, whatever it may be, to the devisees.

3. The will of James E. Young having been properly admitted in evidence upon the proof of its due execution, the question of title to the land in controversy, as between the contending parties, depended upon its construction.

If, as contended by the appellants, the devise therein to John M. Young passed to him an estate for life only, the direction of a verdict for the defendant was erroneous.   On the other hand, if he took an estate in fee the court was right in directing the verdict.

The contention of the appellants is based upon the law in force in the District of Columbia at the time when this will went into effect, under which it has been a settled rule that a simple devise, without any words of limitation or description of the extent of the interest devised, created an estate for life only.

At the same time any words sufficiently indicating an intent on the part of the testator to create the greater estate will be given that effect, no matter what their form may be, and the whole will may be looked into to ascertain this intention in respect of the particular clause. *McAleer* v. *Schneider,* 2 App. D. C. 461, 467.

Under our view of the effect of what we regard as a residuary devise in this will, it is unnecessary to search its language throughout for the purpose of ascertaining and determin'ng whether the testator intended to vest an estate in fee in John M. Young by the terms of the preceding specific devise.

By the terms of this residuary clause the testator gives, wills, bequeaths, and devises to his brother, John M. Young, all of the personal property of which he died "seised and possessed, as well, also, as any other property or properties not otherwise willed and devised as hereinbefore set forth."

If the fee did not pass by the preceding devise, it was clearly not otherwise willed or devised, and hence vested in John M. Young by virtue of this residuary clause. Courts, as a general rule, will always construe a residuary clause so as to prevent intestacy as regards any part of the testator's estate, unless there is an apparent intention to the contrary. *Reid* v. *Walbach,* 75 Md. 205, 217, 23 Atl. 472; *Dulany* v. *Middleton,* 72 Md. 67, 76, 19 Atl. 146; *Barnum* v. *Barnum,* 42 Md. 251, 311. See also, as to the general effect of a residuary devise upon reversions, etc., *Hayden* v. *Stoughton,* 5 Pick. 528, 539; *Davis* v. *Callahan,* 78 Me. 313, 318, 5 Atl. 73; 1 Jarman, Wills, 6th ed. Bigelow, pp. 637 et seq.; Schouler, Wills, sec. 524.

The residuary clause expressly relates not only to property of which the testator was possessed, but also that of which he was seised, and he uses the word "devise" as well as "bequeath."

Moreover, the word "property," where there is no indication of its use in a restricted sense, has generally been held to include real property. *McAleer* v. *Schneider,* 2 App. D. C. 461, 469; *Hamilton* v. *Rathbone,* 175 U. S. 414, 421, 44 L. ed. 219, 222, 20 Sup. Ct. Rep. 155; *Jackson ex dem. Pearson* v. *Housel.* 17 Johns. 281, 283; *Morris* v. *Henderson,* 37 Miss. 492, 505; *Mc-*

*Keon* v. *Bisbee,* 9 Cal. 137, 142, 70 Am. Dec. 642; *Reid* v. *Walbach, supra.*

For the reasons given, we think that the court was right in directing a verdict for the defendant, and the judgment will therefore be affirmed, with costs.                              *Affirmed.*