**506** Brooklyn City Railroad Co. *v.* Kings County Trust Co.

Second Department, November, 1925. [Vol. 214

---

The Brooklyn City Railroad Company, Plaintiff, *v.* The Kings County Trust Company, Defendant.

Second Department, November 20, 1925.

Corporations — mortgages — construction of trust mortgage — one clause provided that trustee should release real property on application of corporation if other property of equal value had been acquired and made subject to mortgage — trustee has no discretion under said clause — subsequently acquired " property " not limited to real property.

A trustee of a corporate trust mortgage is required to release from the lien of the mortgage, on the request of the corporation, a street railway company, certain real property no longer necessary for the use of the corporation, where the mortgage provides that the trustee *shall*, upon the written request of the mortgagor, release said real estate, provided that property equal in value shall

have been acquired by the mortgagor and made subject to the mortgage, where it appears that the corporation had actually acquired, subsequent to execution of the mortgage, property far in excess of the value of the real estate for which a release was asked, though that property so acquired did not consist of other real estate but consisted of the rolling stock, equipment and other property necessary for the operation of the corporation and was, by the terms of the mortgage, subject thereto.

The word " property " as used in that clause of the mortgage which provides for the substitution of other property for that released, is not limited to real property, but includes both real and personal property.

Kelly and Young, JJ., dissent.

Submission of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*William N. Dykman* [*Sigourney B. Olney* with him on the brief], for the plaintiff.

*Allen S. Wrenn*, for the defendant.

Kelby, J.:

The agreed facts are as follows:

The Brooklyn City Railroad Company, a domestic street surface railroad corporation, prior to July 1, 1891, owned and possessed, and now owns and possesses, street railroad franchises and a street surface railroad in Brooklyn, having railroad tracks, with real estate, car barns, street surface cars and other equipment. On and prior to July 1, 1891, such railroad was operated by horses. It is now operated by electric power.

On July 1, 1891, the railroad company made, executed and delivered to the Kings County Trust Company, as trustee, a mortgage to secure an issue of $6,000,000 of bonds, which mortgage was and is a lien on both real and personal property, and is still in full force and effect, with the Kings County Trust Company as the trustee thereunder.

The railroad company is the owner of certain real property situate at Clinton and Remsen streets, subject to the lien of the mortgage. It is a plot 25 by 100 feet, on which an office building is erected. This building, together with a building upon certain premises adjacent thereto, is now being used by the Brooklyn City Railroad Company and the Brooklyn-Manhattan Transit Corporation as general executive offices for the Brooklyn City Railroad Company and for the entire system of street, elevated and subway railroads owned or controlled by the Brooklyn-Manhattan Transit Corporation.

The Brooklyn City Railroad Company, on the 20th of July, 1925, entered into a contract for the sale of the premises, 25 by 100 feet, above described, and the railroad company has applied in

**508** Brooklyn City Railroad Co. *v.* Kings County Trust Co.

Second Department, November, 1925.        [Vol. 214

writing to the defendant, as trustee, for a release of the lien of the mortgage dated July 1, 1891, under the provisions of article 4 of said mortgage. Article 4 reads as follows:

"Article 4. The said Trustee shall, upon the written request of the party of the first part, release from the lien of this mortgage to the party of the first part, or to the persons or corporations designated by it, any real estate and the buildings and improvements thereon, when the use of the real estate to be released shall not be necessary to the maintenance or operation of said railroad or the exercise of said franchises, provided that property equal in value to that which said Trustee shall be requested to release shall have been acquired by the party of the first part and made subject to this mortgage as herein provided."

It is agreed for the purpose of this action only, and for no other purpose, that the premises, 100 by 25 feet, above described, are not necessary to the operation of the railroad or the exercise of the franchises of the Brooklyn City Railroad Company, and that the Brooklyn City Railroad Company has acquired, since October 19, 1919, other personal property, consisting of unincumbered rolling stock and equipment of a present value more than equal to the present value of the real property sought to be released, which said property has been made subject to the prior lien of said mortgage. As established by appraisals of competent experts, the present value of the real estate sought to be released is $232,000, and the present value of the rolling stock and equipment so acquired by the railroad company is in excess of $3,800,000.

The Kings County Trust Company, as trustee, has declined and refused to release the real property above described in accordance with the application of the railroad company.

The controversy between the parties arises out of such demand and refusal to release said real property from the lien of said mortgage; the Kings County Trust Company, as trustee, claiming and contending that it is not authorized, empowered or required to release real property of the mortgagor under the provisions of article 4 of the said mortgage, unless the mortgagor shall have previously acquired other *real* property of equal value to the property sought to be released and shall have made such other real property subject to the said mortgage, and that the application of the Brooklyn City Railroad Company for such release does not comply with the provisions of article 4 of said mortgage, nor have the conditions precedent to obtaining such release been met, in that the mortgagor has not acquired and made subject to the lien of said mortgage other *real* property equal in value to the property sought to be released.

The said mortgage, by its terms, may continue in force for a number of years to come, and the Brooklyn City Railroad Company may from time to time hereafter make like applications for releases of its real property from the lien of said mortgage, and a construction of the mortgage, and particularly of article 4 thereof, is necessary to the parties, to avoid litigation and multiplicity of suits.

A copy of the mortgage is in the record, and from it it appears that the plaintiff is operating twenty-one different street car lines in the boroughs of Brooklyn and Queens. The mileage of railroad computed from descriptions of the various roads, is 230.9 miles.

The mortgage covers not only all real property and personal property owned at the time of the execution of the mortgage, but also all subsequently acquired real and personal property. It includes, also, a mortgage on the various franchises under which the several railroad lines are operated.

In the mortgage there are two other articles governing sales and releases of property of the railroad company, as follows:

"Article 2. The party of the first part shall have full power from time to time to sell and dispose of such of the said horses, harness, cars, locomotives, snow-ploughs, tools, equipments, machinery, motors, stable equipments and fixtures, and railroad equipments and plant, as may in its judgment become unfit for further use in the maintenance and operation of said railroad, and replace the same with other property fit for such purpose. All such property at any time so sold shall thereupon be free and discharged from the lien of this mortgage as herein created, and all such property substituted for property so sold shall be subject to the lien of this mortgage and to all the provisions and trusts contained herein and applicable thereto to which such property so sold as aforesaid was subject and to the same extent.

"Article 3. The said Trustee shall have full power in its discretion, upon the written request of the party of the first part, to release * * * any real estate and the buildings and improvements thereon, acquired, held or used for the purposes of offices, depots, shops, stations, stands or stables which in the judgment of said Trustee it shall not be necessary to continue to use in connection with the railroad and franchises."

There are two questions submitted for the decision of this court: (1) Whether the provisions of article 4, above quoted, are imperative, so that upon compliance by the mortgagor with the conditions of said article, and upon written request, the trustee must grant releases. (2) Whether the words in article 4, " provided that *property* equal in value to that which said trustee shall be requested

**510** BROOKLYN CITY RAILROAD CO. *v.* KINGS COUNTY TRUST CO.

Second Department, November, 1925. [Vol. 214

to release shall have been acquired by the party of the first part and made subject to this mortgage as herein provided," mean, as contended by the defendant, that the property to be acquired and made subject to the mortgage must be real property only, or whether, as contended by the plaintiff, it may be personal property of equal value to the real property sought to be released.

It seems clear that the provisions of article 4 are imperative and not discretionary. The property sought to be released from the lien of the mortgage, being an office building situate on real property owned by the plaintiff, clearly falls within the provisions of both article 3 and article 4. Under article 3 the trustee has the discretionary power to release the property from the lien of the mortgage, it appearing that it is not necessary to continue to use it in connection with the railroad and franchises; and it is equally within the provisions of article 4 because it is real estate not necessary to the maintenance and operation of the railroad. Under article 3, which has no proviso that property equal in value shall have been acquired by the railroad company, the trustee has the discretionary power to allow the sale even though there has been no replacement in value of the real property sought to be released from the lien. But article 4 provides that the trustee *shall* release when it appears that the real property is not necessary to the maintenance or operation of the railroad or the exercise of its franchises, provided that property equal in value to that which the trustee shall have been requested to release shall have been acquired by the party of the first part and made subject to the mortgage.

No difficulty is found in determining, therefore, that article 4 is imperative in its terms and that, upon compliance with the conditions precedent enumerated in it, the trustee must release the lien of the mortgage on the real property in question.

There remains the question as to the meaning to be ascribed to the word " property " as used in the proviso at the end of article 4, as follows: " Provided that *property* equal in value to that which said trustee shall be requested to release shall have been acquired by the party of the first part and made subject to this mortgage as herein provided."

The term " property " includes both real and personal property. (See *Doe* v. *Langlands*, 14 East, 370; *Jackson* v. *Housel*, 17 Johns. 281, 284; *Wing* v. *Disse*, 15 Hun, 190.) In Words and Phrases (Vol. 3 [2d series], p. 1275) appears the following definition: " ' Property ' is *nomen generalissimum*, and extends to every species of valuable right and interest, including real and personal property, easements, franchises, and other corporeal hereditaments." The mortgage itself defines cars as property, because article 2 provides

that the railroad company may " sell  *  *  *  cars  *  *  * and replace the same with other *property* fit for such purpose." So, also, in article 8, describing the rights of the trustee upon default, is found a clause concerning the sale of " all and singular the said property, premises, rights and franchises." If the word " premises " here relates to real estate, obviously the word " property " relates to personal property. And in article 13 is found the following provision: "At any sale of the aforesaid franchises, property, railroads and premises  *  *  *  made to enforce the lien created by these presents." Here, also, we find " property " distinguished from " premises."

The mortgage itself bears inherent evidence of its having been drafted by a lawyer skilled in the exact use of legal terminology. The word " property " was used advisedly in the instrument in its legal sense, long well defined as embracing both real and personal property.

The defendant makes the contention: " If equipment can be substituted for real property, the entire character of the mortgage can be changed without the consent of the bondholders and to their prejudice." This contention cannot be sustained. The bone and sinew of the property which is the subject of the mortgage are franchises and all of the railroad lines themselves as going, operating railroads. The bondholders, at the time of the issuance of the bonds, had full notice of the provisions in the mortgage for the release of real property under article 4, and the plain meaning of the provision should not be altered by any legal refinements. The doctrine of *ejusdem generis*, invoked by the trustee, has no application to this controversy. Even though it had, such doctrine yields to the rule that the agreement should be so construed as to carry out the object sought to be accomplished in so far as that object can be collected from the language employed. The rule of *ejusdem generis* is not in and of itself a rule of interpretation, but merely an aid to interpretation when the intention is not otherwise apparent. It never controls where it clearly appears from the instrument that no such limitation was intended.

I, therefore, recommend that the plaintiff be granted a declaratory judgment construing article 4 in accordance herewith.

RICH and JAYCOX, JJ., concur; KELLY, P. J., and YOUNG, J., dissent, being of opinion that the word " property " as used in article 4 of the mortgage means real property.

Judgment for plaintiff on agreed statement of facts, in accordance with opinion. Settle order on notice.