THE BROOKLYN CITY RAILROAD COMPANY, Respondent, v.
THE KINGS COUNTY TRUST COMPANY, Appellant.

*Corporations — railroads — mortgage — provision in mortgage to secure
bonds that real estate not necessary to railroad may be released from lien
of mortgage provided other property equal in value has been acquired —
railroad may require release upon showing land not necessary and that
it had acquired additional personal property equal in value — not neces-
sary to show acquisition of other real property.*

Brooklyn City R. R. Co. v. Kings Co. Trust Co., 214 App. Div. 506,
affirmed.

(Argued January 22, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered December 2, 1925, in favor of plaintiff upon the
submission of a controversy on an agreed statement of
facts pursuant to section 546 of the Civil Practice Act.
Plaintiff, to secure its bonds, had executed to defendant
a mortgage covering all of its property which contained
the following clause: "Article 4. The said trustee shall,
upon the written request of the party of the first
part, release from the lien of this mortgage to the
party of the first part, or to the persons or corporations
designated by it, any real estate and the buildings and
improvements thereon, when the use of the real estate
to be released shall not be necessary to the maintenance
or operation of said railroad or the exercise of said fran-
chises, provided that property equal in value to that
which said trustee shall be requested to release shall
have been acquired by the party of the first part and
made subject to this mortgage as herein provided."
Plaintiff desiring to sell a parcel of land covered by
the mortgage has requested that defendant release said
parcel from the lien, it being conceded that the prem-
ises in question are not necessary to the operation of
the railroad or the exercise of its franchises, and that
plaintiff has acquired since the execution of the mortgage
other personal property appraised at many times the
value of the land in question. Defendant contends that
it is not empowered to release real property under the

provision quoted unless plaintiff has acquired other real property of equal value to that sought to be released.

*Allen S. Wrenn* for appellant.

*William N. Dykman* and *Sigourney B. Olney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

BENJAMIN FRIEDLAND, Appellant, *v.* ARGENTOR HOLDING CORPORATION, Respondent.

*Vendor and purchaser — sale — contract — money deposited by purchaser on execution of contract of sale of real property — provision in contract for forfeiture in case of default and for extension of time on payment of additional sum — payment of amount required for extension — on final default action to recover additional amount paid cannot be maintained.*

*Friedland* v. *Argentor Holding Corp.*, 215 App. Div. 679, affirmed.

(Argued January 22, 1926; decided March 2, 1926.)

APPEAL from a judgment, entered January 4, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for a dismissal of the complaint on the ground it failed to state facts sufficient to constitute a cause of action and granted said motion. The complaint alleged that plaintiff's assignors agreed in writing to purchase real property from defendant and paid $1,000 on signing the contract which contained the following clauses:

" It is hereby understood and agreed that time is of the essence of the contract and if the purchaser does not take the title on the date hereinafter agreed that this contract shall then become cancelled and the deposit shall be retained by the seller as liquidated damages.

" It is further understood and agreed that the purchaser may obtain an extension of time within which to take title to June 30, 1924, upon further payment of