Jasen, J. (dissenting).
Subdivision 4 of section 78 of the Insurance Law prohibits an insurer from paying special compensation to one of its directors in return for the negotiation by the director of a sale of company "property”. The only issue in this case is whether it was unreasonable for the Superintendent of Insurance to apply the statute where an insurer compensated a director for arranging a long-term lease of company property. I would sustain the superintendent’s determination since it is reasonable and is soundly supported by well-settled law. A tenant, by virtue of a lease, obtains an interest in property. True, the tenant’s interest is classified as an item of personal property, but it is property just the same. As the statute covers, quite broadly, all purchases and sales of property, not just those involving realty, the sale of an item of personal property is within the scope and intendment of the statute.
In August, 1968, petitioner insurance company engaged one of the members of its board of directors, namely one Abraham Lindenbaum, to obtain a tenant for space available at its office building in Brooklyn, New York. Director Lindenbaum, in behalf of the insurance company, entered into negotiations with representatives of the Civil Court of the City of New York which culminated in a long-term lease. For his services in securing the Civil Court as a tenant, petitioner agreed to pay Director Lindenbaum $5,000 for each of the 10 years of the term of the lease, a total of $50,000. In accordance with this agreement, petitioner already had made four annual payments of $5,000 each to Lindenbaum by the time an examiner for the Insurance Department informed it that this arrangement for compensation to a member of its board of directors was in violation of subdivision 4 of section 78 of the Insurance Law.
After a hearing, the Superintendent of Insurance on March *985 4, 1975 issued a determination which found the insurer in violation of subdivision 4 of section 78, imposed a penalty of $500 for each of the four $5,000 payments by petitioner to Lindenbaum, and directed that the insurance company take appropriate action to recover the four payments from Lindenbaum. The Appellate Division sustained the administrative determination that petitioner violated subdivision 4 of section 78 of the Insurance Law, but modified the penalty imposed from $'2,000 to $500. (51 AD2d 1016.)
I would uphold the determination of the Superintendent of Insurance. Subdivision 4 of section 78 of the Insurance Law prohibits special renumeration by any insurer to its officers and directors for negotiating or aiding in any "purchase or sale of property” made by the insurer. The superintendent ruled that the use of the word "property” in the statute, without qualification, includes both real and personal property. In my opinion, this determination has a reasonable basis in law. It is ancient law that the term "property” includes both real and personal property. (See Doe v Langlands, 14 East 370; Jackson v Housel, 17 Johns 281, 284; Wing v Disse, 15 Hun 190; Brooklyn City R. R. Co. v Kings County Trust Co., 214 App Div 506, affd 242 NY 531.) As stated in New York Jurisprudence (vol 47, Property, § 3, p 287) "[t]he word 'property,’ when used without qualification, can be construed to include obligations, rights, and other intangibles, as well as physical things. The use of property is property. A franchise and a lease are property.” A lease is personal property. (E.g., Matter of Grumman Aircraft Eng. Corp. v Board of Assessors of Town of Riverhead, 2 NY2d 500, 507; Despard v Churchill, 53 NY 192, 199; First Trust & Deposit Co. v Syrdelco, Inc., 249 App Div 285, 287; 33 NY Jur, Landlord & Tenant, § 3, pp 283-284; 2 Powell, Real Property, par 221, subd [2], p 187.)
It is also well-established law that the determination of an administrative agency which must initially determine the application of a broad statutory term should be accepted by the courts if it has a reasonable basis in law. (Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108; Board v Hearst Pub., 322 US 111, 131.) " The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.’ ” (Rochester Tel. Corp. v Umted States, 307 US 125, 146.) Since a leasehold is property, it follows, with the most apparent logic, that a statute which prohibits generally the payment of compensa *986 tion for arranging a sale or purchase of property includes a ban on such payment to a director for arranging a purchase or sale of a lease. The statutory prohibition is not restricted to "real property”. Rather, the Legislature used the broad term —"property”—to include any transfer of an economic interest brought about by a director of an insurer. This would be consistent with the legislative intent to impose a code of ethical conduct and to eliminate even the appearance of impropriety by prohibiting an insurer from paying special compensation to one of its insiders. The determination, therefore, by the superintendent that a lease transaction is included in the statutory ban has a reasonable basis in law and should be sustained. This is particularly true when one considers that "[t]he Superintendent of Insurance is vested with broad power to interpret, clarify, and implement the legislative policy”. (See Breen v Cunard Lines S. S. Co., 33 NY2d 508, 511.)
The position taken by the majority, to judge from its memorandum, is quite paradoxical. The court concedes, as it must, that leases are property. Yet, it is held that the word "property”, as used in this statute, does not include leases. The inherent contradiction can be explained only by the majority’s reliance on the prior interpretation of the statute by the Superintendent of Insurance. Yet, it is well settled that an administrative officer or agency is not bound to cling tightly and forever to an erroneous or mistaken view of the statute to be administered. Even without the formality of a regulation, an agency may reasonably adjust its construction of relevant law if, as is the case here, experience matures its judgment. (E.g., Matter of Irish Int. Airlines [Levine], 48 AD2d 202, affd 41 NY2d 819; Matter of Cowan v Kern, 41 NY2d 591.) The appropriate focus is not what the superintendent has done in the past for what is past is but prologue. The issue is whether his present action is a reasonable interpretation of the statute which it is his task to administer. His original position may have been reasonable but so, I submit, is his present view, and it is this one upon which we must decide. Actually, it is much to the superintendent’s credit that he is willing to re-examine and reconsider his department’s viewpoints as the need warrants.
There is no due process difficulty at all with this case. Certainly, lawyers and insurance companies, for after all this is all the statute touches, are chargeable with the knowledge *987 that leases are property. Most certain of all, this insurance company should have anticipated the likelihood that the Insurance Department would look askance at so blatant a transaction as the payment of additional compensation to one óf its directors for brokering a property transaction. The case nicely illustrates the dangers of inside dealing and such dealing is both ethically and legally reprehensible.
I would also sustain that part of the determination of the Superintendent of Insurance which imposed a penalty of $500 for each payment made to the director. Since there were four separate and distinct payments, I would hold that a fine may be levied for each separate payment.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum; Judge Jasen dissents and votes to modify in a separate opinion.
Judgment reversed, etc.